UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
PHILIP R. BELPASSO,

                Plaintiff,

— against —

PORT AUTHORITY OF NEW YORK AND NEW
JERSEY; THE PORT AUTHORITY OF NEW YORK
AND NEW JERSEY; PORT AUTHORITY POLICE; -
AND- THE CITY OF NEW YORK, NEW YORK

                Defendants
----------------------------------------------------------------X

Index No.: 07 Civ. 3627
(SHS) (DCF)

**ANSWER TO SECOND AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

Defendant, The Port Authority of New York and New Jersey (hereinafter referred to as the "Port Authority"), by its Attorney of Record, Milton H. Pachter, hereby answers the plaintiff's second amended complaint in the above-entitled action, and states to this Court upon information and belief the following:

## PARTIES

1.     The Port Authority denies the allegations set forth in paragraph "1" of the second amended complaint.

2.     The Port Authority denies the allegations of paragraph "2" of the second amended complaint, except admits that the Port Authority is a body corporate and politic created by Compact between the States of New York and New Jersey with the consent of the Congress of the United States and the Port Authority has offices at 225 Park Avenue South, New York, New York.

3.  The Port Authority neither admits nor denies the allegations set forth in paragraph "3" of the second amended complaint inasmuch as said paragraph pertains to a defendant other than this answering defendant.

## COUNTS

4.  The Port Authority neither admits nor denies the allegations set forth in paragraph "1" of the second amended complaint inasmuch as said paragraph fails to state traversable allegations of fact.

5.  The Port Authority denies the allegations set forth in paragraph "2" of the second amended complaint.

6.  The Port Authority denies the allegations set forth in paragraph "3" of the second amended complaint.

7.  The Port Authority denies the allegations set forth in paragraph "4" of the second amended complaint.

8.  The Port Authority neither admits nor denies the allegations set forth in paragraph "5" of the second amended complaint inasmuch as said paragraph fails to state traversable allegations of fact.

9.  The Port Authority neither admits nor denies the allegations set forth in paragraph "8" of the second amended complaint inasmuch as said paragraph fails to state traversable allegations of fact.

10. The Port Authority neither admits nor denies the allegations set forth in paragraph "13" of the second amended complaint inasmuch as said paragraph fails to state traversable allegations of fact.

11. The Port Authority denies the unnumbered paragraph on page 3 of the second amended complaint.

12. The Port Authority denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the second amended complaint.

13. The Port Authority denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the second amended complaint.

14. The Port Authority denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the second amended complaint.

15. The Port Authority denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the second amended complaint.

16. The Port Authority denies the allegations set forth in paragraph "8" of the second amended complaint as it pertains to the Port Authority.

17. The Port Authority denies the allegations set forth in paragraph "9" of the second amended complaint, except admits that plaintiff was instructed to abide by Port Authority's regulations at the temporary memorial set up to honor the victims and commemorate the events of September 11, 2001.

18. The Port Authority denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the second amended complaint.

19. The Port Authority denies the allegations set forth in paragraph "11" of the second amended complaint.

20. The Port Authority admits that plaintiff was arrested on July 24, 2005 and was taken to the Port Authority police precinct at the World Trade Center site for processing and, except as so admitted, denies the remaining allegations set forth in paragraph "12" of the second amended complaint.

21. The Port Authority admits that plaintiff was given a summons for disorderly conduct and, except as so admitted, denies the remaining allegations set forth in paragraph "13" of the second amended complaint.

22. The Port Authority denies the allegations set forth in paragraph "14" of the second amended complaint in the form alleged, except admits that the description on the summons issued on July 24, 2005 stated as follows: "At the above time and place of occurrence the above deft. was observed sitting on the sidewalk playing a flute and handling out flyers in exchange for money. The above deft. was asked to move and refused. Pedestrians were observed having to go around him in order to walk to their destination."

23. The Port Authority denies the allegations set forth in paragraph "15" of the second amended complaint.

24. The Port Authority denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the second amended complaint.

25. The Port Authority denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the second amended complaint.

26. The Port Authority denies the allegations set forth in paragraph "18" of the second amended complaint.

27. The Port Authority denies the allegations set forth in paragraph "19" of the second amended complaint, except admits that on June 15, 2006, plaintiff received a summons for disorderly conduct from Port Authority Police Officer Dodenhoff.

28. The Port Authority denies the allegations set forth in paragraph "20" of the second amended complaint.

29. The Port Authority denies the allegations set forth in paragraph "21" of the second amended complaint.

**30.** The Port Authority denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the second amended complaint.

**31.** The Port Authority denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the second amended complaint.

**32.** The Port Authority denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the second amended complaint.

**33.** The Port Authority denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the second amended complaint.

**34.** The Port Authority denies the allegations set forth in paragraph "26" of the second amended complaint as they pertain to the Port Authority.

**35.** The Port Authority denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the second amended complaint.

**36.** The Port Authority denies the allegations set forth in paragraph "28" of the second amended complaint, except admits that on August 18, 2006, plaintiff was arrested by Port Authority Police Officer Phillip Ashby for disorderly conduct.

**37.** The Port Authority denies the allegations set forth in paragraph "29" of the second amended complaint as they pertain to the Port Authority.

**38.** The Port Authority neither admits nor denies the allegations set forth in paragraph "30" of the second amended complaint inasmuch as said paragraph pertains to a defendant other than this answering defendant.

**39.** The Port Authority neither admits nor denies the allegations set forth in paragraph "31" of the second amended complaint inasmuch as said paragraph pertains to a defendant other than this answering defendant.

**40.** The Port Authority neither admits nor denies the allegations set forth in paragraph "32" of the second amended complaint inasmuch as said paragraph pertains to a defendant other than this answering defendant.

**41.** The Port Authority denies the allegations set forth in paragraph "33" of the second amended complaint as they pertain to the Port Authority.

**42.** The Port Authority denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the second amended complaint.

**43.** The Port Authority neither admits nor denies the allegations set forth in paragraph "35" of the second amended complaint inasmuch as said paragraph fails to state traversable allegations of fact and instead appears to include a copy of portions of Exhibit E, which is attached to the Second Amended Complaint.

**44.** The Port Authority denies the allegations set forth in paragraph "36" of the second amended complaint.

**45.** The Port Authority neither admits nor denies the allegations set forth in paragraph "37" of the second amended complaint inasmuch as said paragraph pertains to a defendant other than this answering defendant, except admits that Exhibit E attached to the second amended complaint appears to indicate that Officer Ashby's Tax Number is 042779.

**46.** The Port Authority denies the allegations set forth in paragraph "38" of the second amended complaint as they pertain to the Port Authority.

**47.** The Port Authority denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the second amended complaint.

**48.** The Port Authority denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the second amended complaint.

49. The Port Authority denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the second amended complaint.

50. The Port Authority denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the second amended complaint.

51. The Port Authority denies the allegations set forth in paragraph "43" of the second amended complaint as they pertain to the Port Authority.

52. The Port Authority denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the second amended complaint.

53. The Port Authority denies the allegations set forth in paragraph "45" of the second amended complaint.

54. The Port Authority denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the second amended complaint.

55. The Port Authority denies the allegations set forth in paragraph "47" of the second amended complaint, except admits that Exhibit H attached to the second amended complaint appears to be photographs of Nancy Johnson, Port Authority Police Chief Sbarra and Captain Durett.

56. The Port Authority denies the allegations set forth in paragraph "48" of the second amended complaint, except admits that Exhibit I attached to the second amended complaint appears to be a photograph of Captain Durett.

57. The Port Authority denies the allegations set forth in paragraph "49" of the second amended complaint.

58. The Port Authority denies the allegations set forth in paragraph "50" of the second amended complaint.

59. The Port Authority denies the allegations set forth in paragraph "51" of the second amended complaint, except admits that plaintiff received two summonses on May 22, 2007 for trespass and loitering.

60. The Port Authority denies the allegations set forth in paragraph "52" of the second amended complaint.

61. The Port Authority denies the allegations set forth in paragraph "53" of the second amended complaint.

62. The Port Authority denies the allegations set forth in paragraph "54" of the second amended complaint.

63. The Port Authority denies the allegations set forth in paragraph "55" of the second amended complaint.

64. The Port Authority denies the allegations set forth in paragraph "56" of the second amended complaint.

65. The Port Authority denies the allegations set forth in paragraph "57" of the second amended complaint.

66. The Port Authority denies the allegations set forth in paragraph "58" of the second amended complaint.

67. The Port Authority denies the allegations set forth in paragraph "59" of the second amended complaint.

68. The Port Authority denies the allegations set forth in paragraph "60" of the second amended complaint.

69. The Port Authority denies the allegations set forth in paragraph "61" of the second amended complaint.

70. The Port Authority denies the allegations set forth in paragraph "62" of the second amended complaint, except admits that on September 7, 2007, the Port Authority received an amended complaint in this action, which it timely answered, but did not file with the Court.

71. The Port Authority denies the allegations set forth in paragraph "63" of the second amended complaint, except admits that it sent a letter to the Court concerning the filing of its answer.

72. The Port Authority denies the allegations set forth in paragraph "64" of the second amended complaint, except admits that the Port Authority served a notice of oral examination on the plaintiff.

73. The Port Authority denies the allegations set forth in paragraph "65" of the second amended complaint.

74. The Port Authority denies the allegations set forth in paragraph "66" of the second amended complaint.

75. The Port Authority denies the allegations set forth in paragraph "67" of the second amended complaint.

76. The Port Authority denies the allegations set forth in paragraph "68" of the second amended complaint.

77. The Port Authority denies the allegations set forth in paragraph "69" of the second amended complaint.

78. The Port Authority denies the allegations set forth in paragraph "70" of the second amended complaint.

79. The Port Authority denies the allegations set forth in paragraph "71" of the second amended complaint.

**80.** The Port Authority denies the allegations set forth in paragraph "72" of the second amended complaint.

**81.** The Port Authority neither admits nor denies the allegations set forth in paragraph "73" of the second amended complaint inasmuch as said paragraph fails to state traversable allegations of fact.

**82.** The Port Authority denies the allegations set forth in paragraph "74" of the second amended complaint to the extent that it attributes plaintiff's alleged damages to the Port Authority.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

**83.** The second amended complaint fails to state a claim upon which relief may be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

**84.** That defendant Port Authority and its police officers acted in good faith and with probable cause and justification in the detention of the plaintiff.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

**85.** That the actions of the Port Authority police officers were justified; and that the use of any force, which is denied by the defendant, was necessary and reasonable under the laws of the States of New York and New Jersey.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

**86.** The alleged incident and damages, if any, sustained by the plaintiff was wholly or in part caused by the culpable conduct of the plaintiff and that the amount of damages which may be recovered by the plaintiff shall be diminished in proportion to which his culpable conduct caused said damages.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

**87.** The defendant Port Authority is not liable for the alleged acts of its employees alleged to have violated the constitutional rights and rights of the plaintiffs under the doctrine of *respondeat superior.*

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

**88.** Punitive damages cannot be recovered against the Port Authority.

**WHEREFORE,** the Port Authority demands judgment dismissing the second amended complaint herein, together with attorney's fees, costs and disbursement incurred by said defendant and for such other and further relief as this Court may deem just and proper.

Dated:   New York, New York
          January 14, 2008

Respectfully yours,

MILTON H. PACHTER, ESQ.
*Attorney for Defendant*
The Port Authority of New York and New Jersey

By: _____
Megan Lee, Esq. (ML-9707)
225 Park Avenue South – 13th Floor
New York, New York 10003
Telephone: (212) 435-3435

To:   Philip R. Belpasso
      *Pro Se*
      40-09 Kuiken Terrace
      Fair Lawn, New Jersey 07410

      Sumit Sud, Esq.
      *Of Counsel*
      Office of Michael Cardozo, Corporation Counsel
      The City of New York
      100 Church Street
      New York, New York 10007
      Telephone No.: (212) 788-1096